IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| BRODRICK WALKER | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:19-cv-1 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

Petitioner Brodrick Walker, an inmate confined at the Hughes Unit of the Texas Department of Criminal Justice Correctional Institute Division, proceeding *pro se*, brought this motion for extension of time to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Docket No. 1.

The Court referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge, for consideration pursuant to 25 U.S.C. § 636 and the orders of this Court. The Magistrate Judge recommends this action should be dismissed for lack of subject-matter jurisdiction. *See* Docket No. 2.

The Court considered the Report and Recommendation of the Magistrate Judge, along with the record, pleadings and all available evidence. No objections to the Report and Recommendation were filed by the parties. Thus, any aggrieved party is not entitled to *de novo* review by the district court of the proposed findings and recommendations of the Magistrate Judge. Instead, this Court reviews the Magistrate Judge's findings of fact and conclusions of law for plain error. *Rodriguez v. Bowen*, 857 F.2d 276, 276–77 (5th Cir. 1988). There being no grounds of plain error or manifest injustice, the Court hereby **ADOPTS** the Report and Recommendation of the United States Magistrate Judge (Docket No. 2) as the findings and conclusions of this Court.

The Court notes that Petitioner has since filed his petition for writ of habeas corpus in a separate action. *See Walker v. Director*, Civil Action No. 5:19-cv-3, Docket No. 1 (E.D. Tex. Jan. 10, 2019). Accordingly, Petitioner may properly assert his request for an extension of time as a request for either statutory or equitable tolling in the new pending action.

Additionally, Petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483–84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280–81 (5th Cir. 2000), *cert. denied*, 531 U.S. 849 (2000).

Here, Petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by Petitioner are not novel and have been consistently resolved adversely to his position. The Court finds that the questions presented are not worthy of encouragement to proceed further. Therefore, Petitioner has failed to make a sufficient showing to warrant the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

The findings of fact and conclusions of law of the Magistrate Judge are correct and the Report of the Magistrate Judge is **ADOPTED**.

It is so **ORDERED**.

**SIGNED this 3rd day of April, 2019.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE